**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 07-4034**

─────────

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

          versus

JOHN KELVIN ELLIS,

                                        Defendant - Appellant.

─────────

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.  Robert E. Payne, District
Judge.  (3:06-cr-00232-REP)

─────────

Submitted:  August 6, 2007          Decided:  August 27, 2007

─────────

Before NIEMEYER and DUNCAN, Circuit Judges, and WILKINS, Senior
Circuit Judge.

─────────

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

─────────

Michael S. Nachmanoff, Federal Public Defender, Amy L. Austin,
Assistant Federal Public Defender, Frances H. Pratt, Research and
Writing Attorney, Richmond, Virginia, for Appellant.  John Ciulla,
Special Assistant United States Attorney, Fort Lee, Virginia, for
Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Kelvin Ellis pled guilty to operating a motor vehicle on a Virginia highway at Fort Lee, a place within the special maritime jurisdiction of the United States, after having been determined to be an habitual offender (fifth offense) (Count 2), in violation of 18 U.S.C. § 13 (2000), assimilating Va. Code Ann. § 46.2-357(B)(3) (2005); unlawfully and knowingly refusing to submit to a breathalyser test after being arrested for an offense of driving under the influence of alcohol on federal property (Count 4), in violation of 18 U.S.C. § 3118 (2000); and failing to stay within one lane when operating a motor vehicle on a divided highway on federal property (Count 5), in violation of 32 C.F.R. § 634.25(f) (2007), assimilating Va. Code Ann. § 46.2-804 (2005). On appeal, counsel has filed an <u>Anders</u><sup>*</sup> brief, stating there are no meritorious issues for appeal but suggesting that Ellis did not knowingly and voluntarily waive his right to appeal and that Ellis' sentence is unreasonable. Ellis also filed a pro se supplemental brief, challenging the reasonableness of his sentence. The Government has moved to dismiss the appeal, asserting that, because Ellis validly waived the right to appeal his sentence in the plea agreement, we lack jurisdiction over the appeal. We affirm in part and dismiss in part.

---

*<u>Anders v. California</u>, 386 U.S. 738 (1967).

- 2 -

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Amaya-Portillo, 423 F.3d 427, 430 (4th Cir. 2005). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). The question of whether a defendant validly waived his right to appeal is a question of law that we review de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

Our review of the record leads us to conclude that, despite Ellis' inability to read well, Ellis knowingly and voluntarily waived the right to appeal his sentence. Moreover, the sentencing issues raised on appeal fall within the scope of the waiver. We therefore grant, in part, the Government's motion to dismiss and dismiss this portion of the appeal.

Although the waiver provision in the plea agreement precludes our review of the sentence, we note that Ellis was not asked whether he understood he also was waiving the right to appeal his convictions. Thus, the waiver does not preclude our review of any errors in Ellis' conviction that may be revealed by our review pursuant to Anders. Our review of the transcript of the plea colloquy leads us to conclude that the magistrate judge and the district court fully complied with the mandates of Rule 11 in

- 3 -

accepting Ellis' guilty plea on each count.  Thus, we deny, in part, the Government's motion to dismiss and affirm the convictions.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues not covered by the waiver.  We therefore affirm Ellis' convictions and dismiss the appeal of his sentence.  This court requires that counsel inform her client, in writing, of the right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because  the  facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>;
<u>DISMISSED IN PART</u>

- 4 -